UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SHAREEF MUHAMMAD,**

      **Petitioner,**

v.

                                          Civil Action No. 2:19-cv-537

**J. ANDREWS, Warden,**
**FCC Petersburg,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Timothy Ray Alexander ("Petitioner"), a federal inmate currently incarcerated at Federal Correctional Institution Petersburg Medium, petitions the court for a writ of habeas corpus under 28 U.S.C. § 2241. The Petition arises out of a disciplinary proceeding that resulted in, among other things, a loss of forty-one days of good conduct time ("GCT"). Petitioner alleges that the Federal Bureau of Prisons ("BOP") violated his right to due process by failing to provide him with a copy of the Discipline Hearing Officer ("DHO") report in a timely manner after the proceedings against him. He seeks expungement of the incident report at issue and restoration of the GCT. Respondent J. Andrews ("Respondent") filed a Motion to Dismiss, ECF No. 6, as well as the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), ECF No. 8. Petitioner filed a Response in Opposition, ECF No. 9. Respondent did not file a reply, and the time to do so has now expired. The matter is therefore ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred the motion to me for a report and recommendation. For the reasons

that follow, I conclude that Petitioner's due process claim lacks merit and thus recommend that the court GRANT Respondent's Motion and DISMISS the Petition WITH PREJUDICE.

## I. Statement of the Case

### A. Overview of the BOP Inmate Disciplinary Process

The Federal Bureau of Prisons has administrative and rulemaking authority over federal prisons pursuant to Congressional delegation. See 18 U.S.C. § 4001 et. seq. Among the BOP's statutory duties is to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's Inmate Discipline Program and its associated administrative appeal process are set out in the Code of Federal Regulations. See 28 C.F.R. §§ 541.1 et. seq., 542.10 et. seq.

When BOP staff have a reasonable belief that an inmate has violated the BOP disciplinary code, they prepare an incident report and provide a copy to the inmate, usually within twenty-four hours of the incident. The incident report contains a written description of the charges against the inmate. 28 C.F.R. § 541.5(a). A staff member then investigates the incident and forwards all relevant information to the Unit Disciplinary Committee ("UDC") for an initial hearing. 28 C.F.R. §§ 541.5(b), 541.7.

The UDC reviews any evidence presented at the hearing either by prison staff or the inmate. The UDC can (1) find that the inmate committed the prohibited act as charged or a similar act if reflected in the incident report; (2) find that the inmate did not commit the prohibited act as charged; or (3) refer the incident report to the Discipline Hearing Officer based on the severity of the charged acts. 28 C.F.R. § 541.7.

If the UDC refers the incident report to the DHO, the inmate is advised of his or her rights and provided an opportunity to designate a staff representative for assistance at the hearing.

Inmates may also provide the names of witness they wish to have called and what testimony they expect the witnesses to provide. At the hearing, inmates are entitled to make statements and present documentary evidence on their own behalf. The DHO considers all the evidence presented and determines whether the inmate committed the charged prohibited act. 28 C.F.R. § 541.8.

The DHO then prepares a report of the proceedings. By regulation, the report need not be verbatim but must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied on; (3) the DHO's determination; (4) the sanction imposed; and (5) the reasons for the sanction imposed. 28 C.F.R. § 541.8(h). Inmates are also advised of their right to appeal through the Administrative Remedy Program. 28 C.F.R. § 541.8(i).

The Code of Federal Regulations does not specify a time limit for delivery of the DHO report to the inmate. It only says that inmates will receive a copy "following the hearing." 28 C.F.R. § 541.8(h). The associated implementing instructions in the Program Statement for the Inmate Discipline Program say that the DHO provides the inmate with a copy "ordinarily within 15 work days of the decision." Federal Bureau of Prisons, Inmate Discipline Program: Program Statement, Policy No. 5270.09 ("BOP Program Statement 5270.09"), at 34.

Administrative appeals from DHO decisions bypass the institutional level and are submitted to the Regional Director. 28 C.F.R. § 542.14(d)(2). Such appeals must be "accompanied by one complete copy or duplicate original of the institution Request and response." 28 C.F.R. § 542.15(b)(1). A petitioner has twenty days following receipt of the DHO report to submit a regional appeal. Taylor v. Ormond, No. 2:18-cv-248, 2019 WL 4198628, at *4 (E.D. Va. June 6, 2019) (citing 28 C.F.R. § 542.15(a)), R. & R. adopted, 2019 WL 4195341 (E.D. Va. Sept. 4, 2019). An inmate may then appeal the Regional Director's decision to the General Counsel (Central Office) within "30 calendar days of the date the Regional Director signed the response."

28 C.F.R. § 542.15(a). The General Counsel is the highest level of administrative appeal. 28 C.F.R. § 542.15(a).

**B.     Factual Background**

On June 12, 2019, Petitioner was issued an incident report charging him with violation of BOP disciplinary code 108 (possessing a hazardous tool). Pet. 2 (ECF No. 1); Incident Report (ECF No. 1, at 16)[1]; Resp't's Mem. Supp. Mot. Dismiss ("Resp't's Mem.") 2-3 (ECF No. 7).[2] According to the incident report, on March 7, 2019, prison staff conducted a search of Petitioner's

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), the court may consider the incident report and other documents attached to the Petition. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

[2] Respondent's supporting memorandum includes the declaration of Sylvia G. Harris, a BOP Legal Assistant at the Federal Correctional Complex in Petersburg. See Harris Decl. ¶ 1 (ECF No. 7-1). The declaration includes several attachments, one of which is a three-page incident report. The Petition includes the first page of that incident report but otherwise does not contain any of the same attachments as the declaration. The court may consider the declaration and its attachments without converting the Motion to Dismiss to one for summary judgment only if the documents are "integral to and explicitly relied on in the complaint," and if Petitioner does not dispute their authenticity. Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)); see Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Courts in the circuit generally find that documents of the type at issue here are outside the pleadings and thus treat the motion as one for summary judgment. See Ortega v. Fed. Bureau of Prisons, No. 1:19-cv-747, 2020 WL 1865068, at *1 (E.D. Va. Apr. 14, 2020); Clark v. Mosley, No. 6:17-cv-219, 2017 WL 4990537, at *1 n.1 (D.S.C. Sept. 25, 2017), R. & R. adopted, 2017 WL 5027347 (D.S.C. Sept. 25, 2017); Sillah v. Ratledge, No. 7:16-cv-100, 2016 WL 6956658, at *1 n.1 (W.D. Va. Nov. 28, 2016); Mack v. Wilson, No. 1:14-cv-259, 2015 WL 1011392, at *1 n.1 (E.D. Va. Mar. 4, 2015). But see Graham v. Stewart, No. 8:16-cv-2578, 2017 WL 3995536, at *3 n.5 (D. Md. Sept. 8, 2017) (finding that similar materials, though not provided by the petitioner, were incorporated by reference in the petition). As illustrated below, I do not rely on the declaration or its attachments in arriving at this recommendation and thus do not address whether the court may rely on those materials without converting the Motion to Dismiss to one for summary judgment.

4

cell and found a smartphone. Incident Report. A forensic analysis determined that the phone had been used to call a number associated with Petitioner. Id. This led prison staff to conclude that Petitioner illicitly possessed and used the phone. Id.

Respondent alleges that on June 13, 2019, Petitioner received a "Notice of Discipline Hearing before the DHO and an Inmate Rights at Discipline Hearing," which advised him of his rights at the hearing. Resp't's Mem. 3. Petitioner appeared before the DHO on July 10, 2019. Pet. 2; Resp't's Mem. 3. The DHO found that Petitioner had committed the charged offense and sanctioned Petitioner with a loss of forty-one days of GCT and "other punitive loss of privileges." Pet. 2; Resp't's Mem. 3. Petitioner did not immediately receive a copy of the DHO report. Pet. 2-3; Resp't's Mem. 3-4.

Petitioner filed an administrative remedy appeal with the Mid-Atlantic Regional Office on July 31, 2019, arguing that the DHO's failure to provide Petitioner a copy of the DHO report within fifteen work days violated his right to due process. Reg'l Admin. Remedy Appeal (ECF No. 1, at 10); see BOP Program Statement 5270.09 (stating that the DHO provides the inmate with a copy of the report "ordinarily within 15 work days of the decision"). As a result, Petitioner sought to have the incident report expunged and his GCT restored. Id. Petitioner also indicated in his appeal the date of the DHO action, the charged offense, and the incident report number. Id.

The Regional Office rejected the appeal on August 8, 2019, noting that Petitioner did not (1) provide a copy of the DHO report, or (2) identify the charges and date of the DHO action. Reg'l Office Rejection Notice (ECF No. 1, at 20). The rejection notice also advised Petitioner that he could resubmit his appeal "in proper form within 10 days." Id.

Petitioner then filed an appeal with the BOP Central Office on August 14, 2019. Cent. Office Admin. Remedy Appeal (ECF No. 1, at 22). Petitioner argued – apparently correctly – that

5

the Regional Office had erred in rejecting his appeal because the rejection "states that the date of the DHO hearing or the charges against me were not specified when, in fact, they were." Id. Nonetheless, on August 30, 2019, the Central Office Administrative Remedy Coordinator rejected the appeal, stating first that Petitioner submitted the appeal "to the wrong level," and then stating that it "concur[red] with [the] rationale of [the] regional office." Cent. Office Rejection Notice (ECF No. 1, at 24). Petitioner was advised to follow the directions outlined in the Mid-Atlantic Regional Office rejection notice. Id.

Petitioner then filed this § 2241 Petition on September 16, 2019,[3] essentially advancing the same argument raised in his two administrative appeals – that the BOP's failure to provide him a copy of the DHO report within fifteen work days violated his due process rights, requiring that his forty-one days of GCT be restored and the incident report be expunged from his record. Pet. 4-13.

Respondent filed a Motion to Dismiss the Petition on January 3, 2020. In his supporting memorandum, Respondent indicates that Petitioner received his DHO report on October 4, 2019. Resp't's Mem. 3-4. According to Respondent, "[t]he delay in completing the DHO report was due to personnel shortages, resulting in a backlog of cases." Resp't's Mem. 3. Respondent also claims that the DHO report advised Petitioner that he could appeal the DHO's findings through the BOP's Administrative Remedy Procedures within twenty calendar days of receiving the report. Resp't's

---

[3] Respondent asserts that Petitioner did not file the Petition until October 7, 2019. Resp't's Mem. 1-2. However, a federal habeas petition is normally deemed filed when the prisoner delivers it to prison authorities for mailing. See Roberts v. Watson, 697 F. Supp. 2d 646, 650 n.6 (E.D. Va. 2010); Alston v. Johnson, No. 2:06-cv-277, 2007 WL 626354, at *2 n.10 (E.D. Va. Feb. 23, 2007); Hall v. Johnson, 332 F. Supp. 2d 904, 907 n.3 (E.D. Va. 2004); see also Houston v. Lack, 487 U.S. 266, 270-76 (1988). Because Petitioner certified that he placed the Petition in the prison mailing system on September 16, 2019, see Pet. 13-14, the court deems the Petition filed as of that date.

Mem. 3-4. In his Response, Petitioner acknowledges that he has now received the DHO report, and though he does not specify the date he received it, he does not contest Respondent's assertion that he received it on October 4, 2019. Pet'r's Resp. 1-3 (ECF No. 9).

Respondent also states, and Petitioner appears to confirm, that on October 28, 2019, Petitioner filed another appeal with the Mid-Atlantic Regional Office.[4] Resp't's Mem. 5; Pet'r's Resp. 2. However, on November 13, 2019, the Regional Office rejected the appeal because Petitioner failed to sign the appeal. Resp't's Mem. 5; Pet'r's Resp. 2. Respondent states that the rejection notice informed Petitioner that he could resubmit the appeal within ten days. Resp't's Mem. 5. Petitioner resubmitted the appeal on November 25, 2019,[5] but the Regional Office again rejected the appeal on December 10, 2019, stating that Petitioner failed to include a copy of the DHO report. Resp't's Mem. 5; Pet'r's Resp. 2. Respondent asserts that this rejection notice also provided Petitioner ten days to resubmit the appeal in proper form. Resp't's Mem. 5.

While Petitioner states that he inadvertently neglected to sign the first regional appeal request, he is adamant that he included a copy of the DHO report with both appeal requests. Pet'r's Resp. 2-3. Rather than submitting a third appeal to the Regional Office, he filed an appeal with the Central Office; but he had received no response at the time of filing his Response in this action. Id. at 3. According to Respondent, the BOP's electronic administrative remedy system demonstrates that "Petitioner never resubmitted his appeal request in accordance with the instructions provided." Resp't's Mem. 5.

---

[4] Although Petitioner filed the appeal four days outside the twenty-day period, the Regional Office apparently still considered his appeal. Resp't's Mem. 5 n.1.

[5] Respondent states that the resubmission was timely because November 23 – the last day of the ten-day period – was a Saturday. Resp't's Mem. 6 n.2.

Respondent advances three arguments as to why the court should dismiss the Petition. First, Respondent contends that because Petitioner has received the DHO report, the grounds for his Petition are moot. Resp't's Mem. 8-9. Second, Respondent argues that Petitioner suffered no due process violation because the delayed receipt of the DHO report did not prejudice his ability to submit an administrative appeal. Id. at 9-12. Finally, Respondent claims that Petitioner failed to exhaust all administrative remedies after he received the DHO report. Id. at 12-15. I address these arguments in reverse order.

## II. Recommended Conclusions of Law

### A. Exhaustion

Ordinarily, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Administrative exhaustion serves two main purposes. First, it "protects 'administrative agency authority.'" Woodford v. Ngo, 548 U.S. 81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). Requiring exhaustion ensures that agencies have an opportunity to correct mistakes in their own programs and promotes adherence to agency procedure. See id. Second, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency. Id.

Proper exhaustion requires compliance with the administrative procedures that govern the review process. Taliaferro v. Ormond, No. 3:18-cv-579, 2020 WL 479183, at *2 (E.D. Va. Jan. 29, 2020) (citing Woodford, 548 U.S. at 90); Lopez v. Ormond, No. 2:18-cv-322, 2019 WL 3365850, at *3 (E.D. Va. June 18, 2019), R. & R. adopted, 2019 WL 3366554 (E.D. Va. July 24,

2019); see also Jones v. Bock, 549 U.S. 199, 218 (2007) (stating that the prison's requirements "define the boundaries of proper exhaustion"). However, because the exhaustion requirement in habeas actions under § 2241 is judicially imposed and non-jurisdictional, courts may excuse the exhaustion requirement in limited circumstances. Lopez, 2019 WL 3365850, at *4 (citing cases); Larue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006) (adopting report and recommendation).

In the same vein, "a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." Thompson v. Wilson, No. 2:15-cv-148, 2015 WL 5682856, at *3 (E.D. Va. Sept. 25, 2015) (quoting Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)) (adopting report and recommendation); cf. Bacon v. Lee, 225 F.3d 470, 477 (4th Cir. 2000) ("Because we ultimately conclude that the assertedly defaulted claims are without merit, we will exercise our prerogative to decide Bacon's claims on the merits rather than on grounds of procedural default.").

Here, Petitioner alleges that he attempted to exhaust before and after he received the DHO report. Specifically, he states that once he did not receive the DHO report within fifteen work days, he submitted a regional appeal. Pet. 2-3. In relevant part, the appeal states, "On or about 7/10/2019[,] I was sanctioned by DHO for violation of Code 108, possession of a hazardous tool." Reg'l Admin. Remedy Appeal. Petitioner also provided the incident report number. Id. However, his appeal was denied because he "did not provide a copy of the DHO report . . . or identify the charges and date of the DHO action."[6] Reg'l Office Rejection Notice. Rather than resubmitting

---

[6] Although Petitioner included the date of DHO action, the charged offense, and the incident report number, Respondent states that Petitioner's appeal request lacked "the specific information about which disciplinary proceeding he was appealing." Resp't's Mem. 13. However, Respondent does not specify what that information is.

9

the regional appeal, Petitioner, relying on 28 C.F.R. § 542.17(c),[7] filed an appeal with the Central Office of the BOP, Cent. Office Admin. Remedy Appeal, but that appeal was also denied, Cent. Office Rejection Notice.

Once Petitioner received the DHO report, he submitted another regional appeal, which was rejected because he failed to sign it. Pet'r's Resp. 2. Petitioner signed the appeal and resubmitted it. However, it was rejected again because he did not include a copy of the DHO report. Id. Petitioner, however, maintains that he included a copy of the DHO report for both appeals. Id. at 2-3. Petitioner then filed an appeal with the Central Office, but he had not received a notice of decision at the time he filed his Response. Id. at 3.

Respondent asserts that Petitioner has failed to exhaust his administrative remedies because he failed to properly perfect his appeal. But disputes of fact preclude any clear finding with regard to exhaustion on this Motion to Dismiss. Petitioner has alleged that he complied with the BOP administrative procedures both before and after receiving the DHO report, and the record at least partially supports that claim. However, because Petitioner's underlying due process claim ultimately and straightforwardly lacks merit, the court need not resolve the exhaustion issue. Thompson, 2015 WL 5682856, at *3. Thus, I turn to Petitioner's due process claim.

---

[7] Title 28, section 542.17(c) of the Code of Federal Regulations provides, in relevant part, "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level." 28 C.F.R. § 542.17(c).

B.  **Due Process**[8]

It is well established that a prisoner's good conduct time is a protected liberty interest under the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Prisoners are therefore entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the . . . right is not arbitrarily abrogated." Id. Specifically, due process requires that a prisoner subject to a loss of good time credit through disciplinary sanctions be afforded: (1) written notice of the disciplinary charges at least twenty-four hours in advance of the disciplinary hearing; (2) a neutral and detached hearing body; (3) the opportunity to call witnesses and present documentary evidence; (4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and (5) a written statement provided by the fact finder(s) outlining the evidence relied upon and the reasons for the chosen course of disciplinary action. Wolff, 418 U.S. at 563-67; see also Crawley v. Wilson, No. 2:11-cv-542, 2012 WL 2505118, at *4 (E.D. Va. May 16, 2012). In addition, the BOP's findings must be "supported by some evidence in the record." Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985).

Here, the sole basis for Petitioner's due process claim is that the BOP failed to provide him a copy of the DHO report within fifteen work days after the DHO hearing, in violation of BOP Program Statement 5270.09. Pet. 9-12. By itself, however, such alleged conduct does not amount to a due process violation. "Although BOP policy provides inmates should receive their DHO

---

[8] "Section 2241 habeas petitions are appropriate when an inmate seeks to challenge 'the very fact or duration of his physical imprisonment.'" Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Because deprivation of good conduct time has the functional effect of extending the length of incarceration, it is cognizable under § 2241. Id.

11

Reports 'ordinarily within 15 work days of the decision,' 'the BOP's violations of its own policies do not amount to a due process violation.'" Reid v. Bolster, No. 2:19-cv-59, 2019 WL 7882562, at *3 (E.D. Va. Dec. 20, 2019) (citation omitted) (first quoting BOP Program Statement 5270.09; then quoting Bauer v. Warden FCI Williamsburg, No. 6:16-cv-304, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017)), R. & R. adopted, 2020 WL 618826 (E.D. Va. Feb. 10, 2020); accord Shahan v. Ormond, No. 3:18-cv-200, 2018 WL 6681210, at *5 (E.D. Va. Dec. 19, 2018) (holding that BOP's alleged violation of Program Statement 5270.09 did not amount to due process violation).

Instead, to establish a due process violation, a prisoner must demonstrate that the delayed receipt of the DHO report prejudiced his ability to utilize the BOP's administrative appeal procedures. Reid, 2019 WL 7882562, at *3 ("When an inmate does not receive a DHO written decision within the proper timeframe, such a delay cannot serve as the basis for a successful habeas petition unless the inmate can show there was a prejudicial effect on the inmate's administrative appeal."); Shahan, 2018 WL 6681210, at *8 ("It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." (quoting Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999))); see Griffin v. Ebbert, 640 F. App'x 181, 184 (3d Cir. 2016) (finding that eighteen-month delay in receiving DHO report did not amount to due process violation because the petitioner could not establish any resulting prejudice); Staples v. Chester, 370 F. App'x 925, 930 (10th Cir. 2010) (rejecting argument that eight-month delayed receipt of DHO report "prejudiced [the petitioner's] ability to bring an administrative appeal"); Morris v. Wilson, No. 3:11-cv-360, 2012 WL 628612, at *4 (E.D. Va. Feb. 27, 2012) (holding that petitioner did not establish prejudice from nine-month delay because "the BOP afforded [the petitioner] the opportunity to appeal, and [he] took advantage of it").

Petitioner acknowledges receipt of the DHO report on October 4, 2019, approximately three months after the DHO hearing. Pet'r's Resp. 2. After receiving the DHO report, Petitioner was permitted to utilize – and did, in fact, utilize – the BOP's administrative appeal procedures. Id. at 2-3. He has not alleged any defect in those post-receipt appeal proceedings related to the delay in receiving the DHO report. On these facts, Petitioner cannot show any prejudice resulting from the three-month delay. Absent prejudice, the Petition fails to allege a due process violation and should be dismissed.[9]

### III. Conclusion and Recommendation

Because the Petition fails to allege a violation of due process, I recommend that the court GRANT Respondent's Motion to Dismiss, ECF No. 6, and DISMISS the Petition, ECF No. 1, WITH PREJUDICE.

### IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with

---

[9] Because I conclude that the Petition fails to state a due process violation, this report does not address Respondent's mootness argument.

a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 23, 2020

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Shareef Muhammad**
No. 31725-016
Federal Correctional Institution - Medium
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Virginia VanValkenburg**
Counsel for Federal Defendant
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By  /s/ J. L. Meyers
         Deputy Clerk

_____April 23_____, 2020